UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KEVIN HAMILTON,

    Plaintiff,

                                                        ORDER
        v.                                       05-CIV-3862(DGT)

GREAT LAKES DREDGE & DOCK COMPANY,
et al.,

    Defendants.
-------------------------------------------------------------X
Gold, S., Magistrate Judge:

      Plaintiff Kevin Hamilton brings this action under the Jones Act, 46 U.S.C. § 688 et seq., seeking to recover damages for injuries he sustained aboard a vessel owned and operated by the defendant, Great Lakes Dredge & Dock Company ("Great Lakes"). See Compl. ¶¶ 4, 5, 8, 22. Hamilton has served discovery requests for certain photographs and recorded witness statements. Great Lakes has moved for a protective order with respect to those requests, arguing that the materials plaintiff seeks are protected from disclosure as work product.

      Documents prepared by a party or it representative in anticipation of litigation or trial are generally protected from disclosure. See Fed. R. Civ. P. 26(b)(3). Such documents may be obtained by an adverse party

> only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Id.

      I heard argument on defendant's motion during a telephone conference on July 12, 2006. During the conference, I denied the motion with respect to the photographs and directed

defendant to produce them promptly.  However, I allowed the parties to supplement their papers with respect to the witness statements in dispute.

Great Lakes has submitted a letter dated July 12, 2006.  In its letter, defendant again argues that the photographs it took of the accident scene are protected from disclosure by the work product doctrine.  I have already considered and rejected that argument, and defendant suggests no reason for reconsideration of my prior ruling.  Indeed, according to a leading treatise, photographs of an accident scene, taken immediately after an accident has occurred, are a common example of material for which there is a substantial need sufficient to overcome work product protection.  6 Moore's Federal Practice (3d Ed.) § 26.70[5][c].  Accordingly, I reiterate my order directing defendant to produce the photographs sought by plaintiff forthwith.

Defendant's position with respect to the recorded witness statements is more persuasive. Great Lakes has submitted an affidavit of its claims manager, Rick Lietz.  In that affidavit, Mr. Lietz explains that Great Lakes interviewed witnesses to plaintiff's accident in the ordinary course of its business and that it has produced reports of those interviews in discovery.   Lietz Aff. ¶ 4.  Lietz goes on to explain that Great Lakes seeks a protective order with respect to recorded statements of interviews conducted with three witnesses – Davis, Conlin and Dollard – because the interviews were conducted by an investigator retained in anticipation of litigation that might be commenced by Mr. Hamilton.  Lietz Aff. ¶¶ 5-6.

The party invoking work product protection bears the burden of establishing that it applies.  Lietz states in his affidavit that the recorded interviews at issue were conducted by an investigator hired in anticipation of litigation.  Plaintiff offers no contrary evidence or any reason to doubt the accuracy of the Lietz affidavit.

Plaintiff contends that the interview reports are not work product because defendant has already produced statements it obtained from the same witnesses before hiring an investigator. This argument makes little sense. The same witness might be interviewed once in the ordinary course of business and then again later in anticipation of litigation. In those circumstances, a report of the first interview would be discoverable, but a report of the second would be protected work product.

Plaintiff also argues that he has a substantial need for the interview recordings because they reflect statements made shortly after his accident. There is authority which suggests that "'substantial need' often exists [for] contemporaneous statements taken from, or made by, parties or witnesses." 6 Moore's Federal Practice (3d Ed.) § 26.70[5][c]. Plaintiff has not established, however, that the recorded witness statements he seeks were made immediately after his accident, or that the written statements he has already received in discovery are inadequate to enable him to prepare his case. Nor does plaintiff contend that he attempted to interview the witnesses whose recorded statements have been withheld, but that their memories of his accident have faded.

For these reasons, defendant's motion for a protective order with respect to the recorded statements of interviews conducted by its investigator with witnesses Davis, Conlin and Dollard is granted. I note, however, that the Lietz affidavit is not particularly detailed, and does not explain with any precision when or why Great Lakes came to anticipate litigation. Moreover, the parties' submissions do not indicate whether plaintiff has attempted to interview or depose Davis, Conlin or Dollard, or if so, with what results.

Accordingly, I make this ruling without prejudice to plaintiff's right to renew his demand

for the recorded interviews of Davis, Conlin or Dollard (1) after deposing Lietz or otherwise developing evidence that calls into question Great Lake's contention that the interviews were conducted in anticipation of litigation, or (2) if, after an attempt to interview or depose Davis, Conlin or Dollard, it becomes apparent that plaintiff requires the recorded statements to prepare his case and is unable to obtain their substantial equivalent by other means.

                S0 ORDERED.

                _____/s/_____
                STEVEN M. GOLD
                United States Magistrate Judge

Brooklyn, New York
July 25, 2006